## JOHN GALL

### v.

## AUGUSTUS C. BECKSTEIN.

*Opinion filed April 21, 1898—Rehearing denied June 10, 1898.*

1. APPEALS AND ERRORS—*Appellate Court may consider sufficiency of the evidence though no peremptory instruction is asked.* The question of the sufficiency of the evidence to sustain the action may be considered by the Appellate Court whether a peremptory instruction is asked or not, and if such evidence is deemed insufficient the judgment should be reversed by that court.

2. MASTER AND SERVANT—*rule as to fellow-servants stated.* The master is not liable to a servant for an injury inflicted by another servant in the same common service, unless he can be charged with some degree of fault in the employment or retention of such other servant.

3. SAME—*effect where foreman is acting as a co-laborer.* The master is not liable to a servant for an injury received through the negligence of the foreman while acting as a co-laborer with such servant, where the injury is not the result of any exercise of the foreman's authority.

4. FELLOW-SERVANTS—*when foreman is merely a fellow-servant.* A foreman who is assisting another servant of the master in lifting barrels of salt from a wagon, is, with respect to that employment, a fellow-servant with the other employee, and the master is not liable for his negligent acts which are not the result of any exercise of his authority as foreman.

*Beckstein* v. *Gall*, 69 Ill. App. 616, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

This was an action brought by John Gall, against Augustus C. Beckstein, to recover for an injury received while in the service of the defendant in unloading a truck-load of salt. For several years before the accident the defendant, Beckstein, had been engaged in the business of preparing sausage casings in Chicago. John Gall, the plaintiff, had been working for the defendant for

about two years. John Freichl was employed as foreman in the factory. On the day of the accident, November 18, 1890, a truck-load of salt, in barrels, was driven to the door of the factory, and plaintiff, Gall, was directed to unload the same. Gall commenced unloading the salt, and after two or three barrels had been taken off the wagon, Freichl, finding that the work was not progressing as fast as he desired, went to the wagon to assist Gall in unloading the barrels. The barrels were open at the top. Gall took a position at the rear of the wagon on one side, while Freichl was standing opposite him at the other side, and as the teamster rolled a barrel to the rear end of the wagon the two took hold of it and lifted it to the ground. After unloading three barrels in this manner, the fourth one in some manner slipped out of their hands and fell on plaintiff's leg, producing the injury complained of.

On a trial before a jury the plaintiff recovered, but on appeal to the Appellate Court the judgment was reversed, on the ground that the court erred in refusing to instruct the jury to find for the defendant. To reverse that judgment plaintiff, Gall, sued out this writ of error.

WILLIAM A. DOYLE, and JAMES D. ANDREWS, for plaintiff in error.

WALKER & EDDY, for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It is claimed in the argument that the Appellate Court had no right, under the authority of *Peirce* v. *Walters*, 164 Ill. 560, to consider the instruction of the defendant directing the jury to find for the defendant. We do not concur in that view. The defendant introduced no evidence, but at the close of plaintiff's evidence moved the court to find for the defendant. This motion the court denied, and the defendant excepted. The defendant, in addition to the motion, asked the following instruction:

1. "The court instructs you that the evidence is insufficient to support the plaintiff's case as charged in the declaration, therefore your verdict must be for the defendant."

This instruction the court refused to give, to which refusal of the court defendant, by his counsel, then and there duly excepted. From the foregoing it is apparent that the ruling of the trial court in refusing to direct the jury to find for the defendant was properly before the Appellate Court. Moreover, the sufficiency of the evidence to support the action was a proper subject for the consideration of the Appellate Court, and if that court found the evidence was not sufficient to authorize the judgment, it was the duty of the court to reverse on that ground, even if the circuit court had not been requested to instruct to find for the defendant.

It is, however, contended that there was sufficient evidence upon which a recovery might be had, and the Appellate Court erred in holding that the circuit court erred in refusing to instruct the jury to find for the defendant. It will not be necessary to refer to the evidence in detail, but we will refer to enough of the facts to show the situation of the parties and their relative rights and duties.

Beckstein, the defendant, owned the factory and was the master. The plaintiff and Freichl were employees in the service of the defendant, Freichl acting in the capacity of foreman. The two employees undertook to unload a truck-load of salt, which was in barrels. The method adopted was, as appears from the evidence, the ordinary and usual method, and if handled with care there was no danger likely to result from the manner the barrels were lifted from the truck. After three barrels had been unloaded, in taking off the fourth it in some manner slipped out of the hands of the two parties and fell on plaintiff, whether from the fault of the one or the other of the parties does not appear. Plaintiff made no complaint about doing the work with Freichl, nor did he

find any fault in regard to the manner in which the work was done. A barrel of salt weighs only 350 pounds, and it is not pretended that more than two men were required to lift one of the barrels from the truck to the ground. The plaintiff's ordinary work in the factory was making sausage casings, but when called upon to unload the salt he voluntarily, without any objection whatever, undertook the performance of that labor, and such labor may therefore be regarded within the scope of his employment. The evidence shows that Freichl was acting as foreman, but whether he had authority to employ or discharge men, or what authority he did have, does not appear. It does not appear whether the barrel which fell on plaintiff's leg was dropped through the negligent act of plaintiff, or Freichl, his co-laborer at the time; but, conceding that it was through the negligence of Freichl, the question presented is whether plaintiff was entitled to recover.

It is contended by defendant that in unloading the salt plaintiff and Freichl were fellow-servants, and, occupying that position, defendant is not liable for an injury resulting from the negligent act of either. The law is well settled that the master is not liable to one servant for an injury inflicted by another servant in the same common service, unless he can be charged with some degree of fault or negligence in the employment or retention of such offending servant. (Wood on Master and Servant, sec. 416.) The question then resolves itself into this: were plaintiff and Freichl, in unloading the truck of salt, fellow-servants?

It is sometimes a difficult question to determine whether two persons employed by a common master are fellow-servants. In this case, Freichl was called a foreman in the factory, while plaintiff was employed therein as a laborer. But the fact that the two were not equal in station or authority was not material. In the discussion of a similar question in *Chicago and Alton Railroad Co.*

v. *May*, 108 Ill. 288, it was said (p. 298): "The mere fact that one of a number of servants who are in the habit of working together in the same line of employment for a common master has power to control and direct the actions of the others with respect to such employment, will not, of itself, render the master liable for the negligence of the governing servant resulting in an injury to one of the others, without regard to other circumstances. On the other hand, the mere fact that the servant exercising such authority sometimes, or generally, labors with the others as a common hand, will not, of itself, exonerate the master from liability for the former's negligence in the exercise of his authority over the others. Every case, in this respect, must depend upon its own circumstances. If the negligence complained of consists of some act done or omitted by one having such authority which relates to his duties as a co-laborer with those under his control, and which might just as readily have happened with one of them having no such authority, the common master will not be liable. For instance, if the section boss of a railway company, while working with his squad of men on the company's road, should negligently strike or otherwise injure one of them, causing his death, the company would not be liable; but when the negligent act complained of arises out of and is the direct result of the exercise of the authority conferred upon him by the master over his co-laborers, the master will be liable." The same doctrine was announced in *Abend* v. *Terre Haute and Indianapolis Railroad Co.* 111 Ill. 202.

Under the rule announced in the cases cited we think it clear that at the time the accident happened Freichl was a fellow-servant of the plaintiff. They were employed by a common master, and were working together at the same kind of labor in the same line of employment. It may be true that the acts of Freichl, while acting in the capacity of foreman of the defendant, in the employment or discharge of men, or in the selection

of machinery, tools or other appliances for the factory, might be regarded as the acts of the master; but when he laid aside his position as foreman and assumed the character of a co-laborer with plaintiff, and he and plaintiff commenced, as common laborers, to unload the truck, they at once became fellow-servants. (Wood on Master and Servant, 451.) The act of negligence complained of here, consisted of an act done by Freichl, not while in the discharge of any duty as foreman, but while he was acting as a co-laborer with plaintiff,—while he and plaintiff were fellow-servants. The plaintiff and Freichl being fellow-servants, defendant was not liable for an injury received by one through the negligence of the other.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*