83    659
s183s454

# Metropolitan West Side Elevated R. R. Co. v. Albert Skola, Adm'r.

1. MASTER AND SERVANT—*Liability for the Acts of a Governing Servant.*—The mere fact that one of a number of employes of a common master who are in the habit of working in the same line of employment, has the direction and control of the others as a foreman in respect to such employment, will not of itself, under the circumstances of this case, make the common master liable for the acts of negligence of such governing servant, by which another of the employes is injured.

2. SAME—*When the Master is Liable for the Acts of a Governing Servant.*—Where the act of negligence of the governing servant is done in the course of his service as a fellow-servant and not in relation to his service as a foreman and governor of the other workmen, the master will not be liable for an injury to a fellow-laborer through such negligence, unless it be for some negligence in employing or retaining such governing servant.

3. FELLOW-SERVANTS—*When the Verdict Will be Directed for the Defendant.*—If it appear from conceded facts or undisputed evidence that the relation of fellow-servants exists, then it may become a question of law and be the duty of the court to direct the jury as to their verdict in that behalf.

Action in Case.—Death from negligent act. Trial in the Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge, presiding. Verdict and judgment for plaintiff. Error by defendant. Heard in this court at the March term, 1899. Affirmed. Opinion filed July 20, 1899.

Statement.—Joseph Triska, plaintiff's intestate in this suit, came to his death through injuries received on the 8th of August, 1895, while engaged as an employe of plaintiff in error. Suit was brought in the court below by defendant in error, Albert Skola, as administrator of Triska's estate, against plaintiff in error, to recover damages for alleged negligence, which caused his death.

Triska, at the time of his death, was twenty-eight years of age; had worked for plaintiff in error for several months immediately preceding his death, in the capacity of air-brake inspector and motor cleaner, which latter service he was performing during the few hours immediately preceding the injury which caused the death.

660    APPELLATE COURTS OF ILLINOIS.

VOL. 83.] Metropolitan West Side Elevated R. R. Co. v. Skola.

The plaintiff in error, at the time of the injury, was managing and operating the Metropolitan West Side Elevated Railroad. The place of accident was on the structure of that company at a point between Laflin street and Center avenue in the city of Chicago. The elevated railway structure in this vicinity consisted of four tracks running east and west. On the north side of the structure were two tracks over which regular passenger trains ran on schedule time. The other two tracks on the structure were used respectively for the purpose of storing idle cars, and repairing and cleaning cars. The track farthest south was the one that was used for storing idle cars. The track next to this was the one on which cars needing to be repaired, cleaned or inspected, were temporarily stored while they received such attention. It was on this last mentioned one of the four tracks that the accident occurred. On this track a gang of men, Triska among the number, started to work between seven and eight o'clock in the evening, performing the regular work of repairing, cleaning and inspecting cars. Some of these men did the work of cleaning, some inspecting and some repairing. Each car was overhauled and given attention in these three particulars as it was found to need it. Triska and another of these men named Frank Pitman were the regular air-brake inspectors, Pitman being the head inspector and Triska his assistant.

On the night of the accident, which occurred at 11 P. M., there not being sufficient work of inspection to keep both inspectors busy, Triska was put at the work of cleaning motors in the same gang that he was working in as car inspector and at the same place.

One Fred McCrumb was foreman of this gang.

Working with this gang also was one George Barron, whose duty it was to bring the cars to be cleaned, inspected and repaired to their proper place on this track. When occasion required it, however, the foreman, McCrumb, if not busy with his duties as foreman, would assist in bringing cars onto the track in question and placing them in position to be cleaned, inspected and repaired.

At the time of the accident Triska was under car No. 704 cleaning the motor thereof. McCrumb at this time went further east upon the structure, got upon a car, which contained motor appliance, and brought this car west onto this same cleaning track to place it in position so that it might be cleaned, inspected and repaired, in so far as was needed. This car was No. 750. McCrumb turned the motive power or current on this car and brought it west at the rate of about six miles an hour. It had three other passenger cars attached to it, making a train of four cars, all empty. When McCrumb reached a point about a thousand or eight hundred feet away from the car under which Triska was working, he turned off the current which furnished the motor power, and let the cars travel on by their own momentum. The train of cars moved along in this way a distance of four to five hundred feet, gradually losing speed. Then McCrumb applied the air-brake to further decrease their speed, when at a point about five to five hundred and fifty feet away from the car under which Triska was working. He did this by first turning on about twenty pounds pressure on the air brake, but that not appearing to have the desired effect, he turned on about thirty pounds pressure on the air-brake; this not having the requisite effect, he turned on the full pressure, sixty to seventy pounds; and at a point about one hundred to one hundred and fifty feet from the car under which Triska was working, he reversed his lever and applied the motor current in such a way as to make the motor wheels turn backward. The train continued along up to the car under which Triska was working, bumped against it and drove that car about a car's length, crushing Triska under it, causing injuries from which Triska died the next day.

Plaintiff below filed a declaration consisting of four counts, and subsequently at the time of trial filed one additional count.

The court by instruction eliminated all counts from the consideration of the jury except the first one of the original declaration and the additional count filed during trial.

Part of the allegations of the first count of the declaration

662 ' APPELLATE COURTS OF ILLINOIS.

VOL. 83.] Metropolitan West Side Elevated R. R. Co. v. Skola.

are as follows: "Plaintiff avers that the defendant then and there carelessly, wrongfully, recklessly and wantonly drove and propelled another car at a high and unusual and reckless rate of speed toward and against the said standing car under which the plaintiff's intestate was so working, and with great force and violence, and without any reasonable warning to the plaintiff's intestate." by reason whereof plaintiff's intestate received injuries from which he died.

Part of the allegations of the additional count, the only other count in issue, are as follows:

"While the plaintiff's intestate was working upon and cleaning and wiping the cars of the defendant, the defendant wrongfully, carelessly and recklessly drove and propelled another certain car toward and against said standing car under which plaintiff's intestate was so working with great force and violence," by reason whereof plaintiff's intestate received injuries, etc.

Upon the trial the jury found the defendant, plaintiff in error here, guilty, and assessed the damages of the plaintiff, defendant in error here, at $2,500. From this verdict the sum of $700 was remitted, and a judgment was entered for $1,800. To review that judgment this writ of error is prosecuted.

JOHN A. POST and O. W. DYNES, attorneys for plaintiff in error.

Whether or not a foreman is a fellow-servant of an injured party as to the particular act which caused the injury, is entirely dependent upon the character of the act, and independent of his general character as foreman. Fitzgerald v. Honkomp, 44 Ill. App. 365; I. C. Ry. Co. v. Meyer, 65 Ill. App. 531; Chicago & Alton Ry. Co. v. May, 108 Ill. 288, 298; Stockmeyer v. Reed, 55 Fed. Rep. 259; Crispin v. Babbitt, 81 N. Y. 516; Fanter v. Clark, 15 Ill. App. 470; Wabash, St. L. & C. Ry. Co. v. Hawk, 121 Ill. 259; I. C. R. R. Co. v. Swisher, 61 Ill. App. 611; C. & A. R. R. Co. v. McDonald, 21 Ill. App. 409.

Where upon the conceded facts there can be no recovery,

it is error for the trial court to refuse to give to the jury a peremptory instruction to find the issues for the defendant. Simmons v. Chicago & Tomah R. R. Co., 110 Ill. 340; Frazer v. Hough, 106 Ill. 573; Duggan v. P. D. & E. Ry. Co., 42 Ill. App. 536; Ryan v. City of Chicago, 79 Ill. App. 28; Martin v. Chambers, 84 Ill. 579; Phillips v. Dickerson, 85 Ill. 11; Pleasants v. Fant, 22 Wall. (U. S.) 120; Offut v. World's Columbian Exposition Co., 175 Ill. 472; Eastman v. Inland Steel Co., 80 Ill. App. 59.

Seth F. Crews and Ralph Crews, attorneys for defendant in error.

When a servant is placed in a situation of danger where engrossing duties are required of him, he has a right to assume that the master will not, without warning, subject him to other perils unknown to him.   Michael v. Roanoke Machine Works, 90 Va. 492.

The servant assumes no risks except such as existed at the beginning of the employment and such as are incidental to the business, or which existed during the course of the employment of which the employe has knowledge or is bound to have knowledge.   Libby v. Scherman, 146 Ill. 540; Shearman & Redfield on Negligence (5th Ed.), Par. 185a.

An employe does not assume all the risks of the service in which he may be engaged, but he assumes only ordinary, obvious or known risks.   Illinois Steel Co. v. Bauman, 178 Ill. 356; B. & O. & S. W. Ry. Co. v. Alsop, 176 Ill. 473; Alton Paving, Building & Fire Brick Co. v. Hudson, 176 Ill. 270.

Mr. Presiding Justice Sears delivered the opinion of the court.

The only questions presented are, first, as to the sufficiency of the evidence to sustain the verdict of the jury, and, secondly, as to the refusal of the court to give certain instructions tendered by counsel for plaintiff in error.

It is contended that the evidence is insufficient to sup-

port the verdict, because, it is claimed, it appears from the evidence that McCrumb, who drove the train of cars upon the track where Triska, plaintiff's intestate, was at work under a standing car, was, in so doing, acting as a fellow-servant of Triska. Hence, it is argued, the negligence which caused the injury was the negligence of a fellow-servant, and that fact appearing from undisputed testimony, as it is claimed, the court should have directed a verdict for the defendant, plaintiff in error here.

McCrumb was foreman of the gang of men among whom Triska worked. He was Triska's foreman; and it is conceded that in setting Triska to work under the car in question, his act would be held to be that of a vice-principal of the master, viz., plaintiff in error.

But it is contended that one may occupy the position of foreman and yet perform service for the common master in the capacity of a fellow-servant of those over whom he is in some respects foreman. In other words, McCrumb, though acting as foreman and vice-principal of the master in setting Triska at work under the standing car, might have joined him in his work there, and while performing common service with him, have occupied for the time the position of a fellow-servant.

The soundness of the propositions of law which are advanced as a part of this argument of counsel, can not be questioned. It is true that the mere fact that one of a number of employes of a common master, who are in the habit of working in the same line of employment, has the direction and control of the others as a foreman in respect to such employment, will not of itself and under all circumstances make the common master liable for the acts of negligence of such governing servant by which another of such employes is injured. In order to make the master liable, his act of negligence must be an act in the line of his service as a foreman. If his act of negligence be one done in the course of service as a fellow-servant, and not in any relation to his service as a foreman and governor of the other workmen, the master will not be liable for injury

to a fellow-laborer through such negligence, unless it be for some negligence of the master in employing or retaining him. C. & A. R. R. Co. v. May, 108 Ill. 288; Gall v. Beckstein, 173 Ill. 187, and cases therein cited.

And it is also true, as contended, that if it appear from conceded facts or undisputed evidence, that the relation of fellow-servants exists, then it may become a question of law and be the duty of the court to direct the jury as to their verdict in that behalf. Wabash Ry. Co. v. Brown, 152 Ill. 484; C. & E. I. Ry. Co. v. Driscoll, 176 Ill. 330.

But we must proceed to inquire if the facts of this case make the rules announced in these decisions applicable. Was McCrumb acting as a fellow-servant of Triska, or as vice-principal of the master, when he determined to have the train of cars run upon the track where Triska was at work, and without warning to Triska? We think it very clear that he was acting as foreman and as vice-principal of plaintiff in error when he determined that this train of cars should go upon that track, and that his omission to warn Triska was the omission of the master. And this conclusion is not altered by the fact that instead of ordering Barron to move the train, he chose to do it himself. If, instead of handling the train himself, he had ordered Barron, who usually performed that service, to move the train upon the track in question, and in so doing had failed to give any notice or warning to Triska, it could hardly be doubted that the direction to move the train upon the track without warning to Triska, was the act of a vice-principal of the master. And if, in carrying out his decision to have the train moved there, McCrumb can be said to have been acting as an ordinary workman, and hence as fellow-servant of Triska, the question would arise as to whether there was negligence only in the manner of handling the train, or as well negligence in having a train run upon that track where men were at work under standing cars, without warning to them of its approach.

We think that the jury were warranted in finding from the evidence that McCrumb was not negligent in his

666    APPELLATE COURTS OF ILLINOIS.

VOL. 83.] Metropolitan West Side Elevated R. R. Co. v. Skola.

handling of the train as temporary motor man. If his testimony is to be credited, he made strenuous efforts to stop the train in time to avoid the injury. But the jury were surely warranted in finding as well that the very act of undertaking to send any train down the track without warning to the men who were working underneath the cars upon that track, was negligent and an efficient cause of the injury.

If McCrumb was also negligent in his handling of the train, and if such negligence was the negligence of a fellow-servant, yet the fact that it concurred in causing the injury would not relieve the plaintiff in error from responsibility for the act of its vice-principal in thus disregarding the safety of its employes by failing to warn them of the fact that trains were about to be moved upon the track. The question of the negligence of McCrumb and the responsibility of the master therefor, was, upon the facts in this case, a question for the jury. C. & A. R. R. Co. v. Swan, 176 Ill. 424.

We think that the verdict is sustained by the evidence.

The remaining question is as to the ruling of the trial court upon instructions.

The first of the refused instructions told the jury in effect that if McCrumb could not, in the exercise of ordinary care, stop the motor car in time to avoid the injury, then the plaintiff could not recover. It was properly refused, for it ignored the question of whether, in the exercise of ordinary care, the train should have been sent upon the track at all without warning to ·Triska.

The refusal to give the second was not error, for it was sufficiently covered by the nineteenth instruction given.

The third refused instruction was substantially included in the twenty-second instruction given.

The seventh was covered by two instructions given, viz.; the fourteenth and the eighteenth.

Each of the sixth and eighth refused instructions presents correct propositions and such as should, at the request of either party, be given to the jury. We are of opinion

that the trial court should in this case have given them as requested. In substance, they inform the jury that they should not arrive at their verdict through considerations other than of the evidence and the law; that they should not allow prejudice or sympathy to influence their action in this behalf, and that they should not reach a verdict by chance. But while the court should, we think, have given these instructions, yet it does not follow that the refusal should work a reversal. For two reasons we are disposed to disregard the error in refusing to give those instructions: first, because we are of opinion that the evidence clearly warrants the verdict which was returned; and secondly, because of the number of other instructions submitted to the court and given. Fifty-four instructions were tendered to the court, of which forty-five were instructions offered by the defendant, plaintiff in error here. The court gave twenty-six of these instructions to the jury, seventeen of those given being instructions which were tendered by the plaintiff in error. In the course of these twenty-six instructions, the jury were very thoroughly informed as to just what should guide them in arriving at their verdict. In the nineteenth instruction given, they were directed to disregard any theory or argument as to anything not covered by the specific charges of the declaration, and that they should not consider any ground of recovery other than the specific charges of the declaration. We are of opinion that in view of all these instructions which were given, it may be safely concluded that no prejudice to plaintiff in error resulted from the refusal to give the two instructions indicated.

No question is raised as to other instructions than those noted or as to other rulings of the trial court. The judgment is affirmed.