## Pennsylvania Company et al. v. Andrew Wilson.

1. APPELLATE COURT PRACTICE—*Sufficiency of Evidence Always a Proper Subject for Consideration.*—The sufficiency of the evidence to support the verdict is always a proper subject for the consideration of this court, and if it finds the evidence is not sufficient to authorize the judgment, it is the duty of the court to reverse on this ground.

·Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ROBERT B. SHIRLEY, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Reversed and remanded. Opinion filed April 14, 1903.

**Statement.**—On March 16, 1900, Andrew Wilson, appellee, was driving a loaded wagon west on Thirty-third street. Upon arrival at the railroad crossing he was stopped by the flagman for the passage of a C. & E. I. train north on one of the tracks of the crossings west of appellants' tracks. After the passing of this train, appellee drove onto appellants' track and seeing appellants' train approaching from the south, appellee jumped from his wagon and thereby fractured the bones of his ankle joint. A jury trial was had resulting in a verdict and judgment for the plaintiff in the sum of $850.

GEORGE WILLARD, attorney for appellants.

PROUDFIT & LANTZ, attorneys for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

A reversal of the judgment in this case is sought upon the sole ground that the verdict is against the great weight of the evidence. The gates of this crossing at the time of the accident were not in working order, but were then being repaired. A fence, about ten feet high and about ten or fifteen feet east of appellants' east track, extended south from Thirty-third street.

While appellee stood waiting for the crossing of the C. & E. I. train, his horse stood ten or more feet east of the east track.

The controversy in this case concerns the acts of appellants' flagman immediately after the C. & E. I. train had passed. Appellee testified that the flagman signaled him, after the C. & E. I. train passed, to drive on. The flagman denies this statement, but testified that he saw appellants' train come out from under the viaduct at Thirty-fifth street and immediately signaled to appellee to stay back. It is conceded by counsel that the principal point in dispute and the one which must be decisive of this case, is whether the signal given by the flagman was a signal to come forward, or a signal to stay back. On this point the contradiction between appellee and the flagman is complete. The testimony of appellee on the subject of signaling is not corroborated by the testimony of any witness; but the testimony of appellants' flagman is corroborated by the testimony of several other witnesses.

The sufficiency of the evidence to support the verdict is always a proper subject for the consideration of this court, and if it finds the evidence is not sufficient to authorize the judgment, it is the duty of the court to reverse on this ground. Gall v. Beckstein, 173 Ill. 187; C. & E. I. R. R. Co. v. Meech, 163 Ill. 305. Counsel for appellee insists that no witness corroborates the statement of the flagman that he did not signal appellee to come forward.

M. Q. Fair, the engineer, testified that as he approached Thirty-third street, he could see the crossing clearly; that he saw the flagman give appellee a signal to stop, and at that time no train was in sight, but immediately thereafter, he discovered the horse's head coming through the opening of the fence toward the track. The statement of this witness is certainly in conflict with appellee's statement, that the flagman did not see the train coming or signal appellee to stop until the horse or wagon was on the tracks. As we understand this witness, the horse had not yet reached the track at the time the flagman was signaling appellee to stop. As appears from the record, the testimony of Fair corroborates the flagman and is in direct conflict with appellee's statement.

F. A. Crowe, fireman for appellants, testified that when the train was midway between Thirty-third and Fifty-fifth streets, he saw the flagman signaling appellee to stay back, and immediately thereafter appellee's horse appeared on the track and the flagman was striking the horse on the nose.   This testimony can not be reconciled with the testimony of appellee.   F. W. Rodgers, flagman for the C. & E. I. R. R. Co., testified that appellee's horse was standing about fifty feet east of the crossing while the C. & E. I. engine passed, and thereupon the Pennsylvania train coming from the south gave the crossing whistle; that there was nothing to obstruct the vision at or south of Thirty-third street; that the flagman motioned to appellee to "stay back" but appellee did not seem to notice the signal at first, and then the flagman shouted at him; that at the time of giving this signal to stay back, appellee's horse and wagon were east of the track on which appellants' train was approaching; that he saw the flagman give more than one signal.   It would be possible for the ingenuity of counsel to explain this testimony, but we think that if a reasonable construction be placed upon it, it will be bound to corroborate the flagman's statement.

Henry Weis testified that as appellants' train came through the viaduct at Thirty-fifth street, the crossing whistle was given; that he saw the flagman give appellee a signal to stay back; that the horse was then approaching the tracks; that instead of stopping his horse appellee drove right on and disregarded the signals; and that the horse was going slow.   It would appear from the statement of this witness that the plaintiff must have misread the flagman's signal, but the evidence is in contradiction of appellee's statement.   E. A. Burgess, gate-repairer, testified that he heard appellants' crossing whistle given at Thirty-fifth street viaduct; that the flagman signaled appellee to stay back and immediately thereupon he drove forward.   There is no uncertainty in this testimony as to when the signal to "stay back" was given, for he states that the signal to remain back was given before appellee reached the track

and just prior to the accident. If reliance is to be placed upon this statement, it would convince us that appellee misread or did not give sufficient heed to the nature of the signal, if he was thereby warned to remain back.

After a careful consideration of this record, we are of the opinion that the verdict is manifestly and palpably against the weight of the evidence.

For the error in overruling motion for a new trial, the judgment of the Superior Court must be reversed and the cause remanded.