## Andrew Anderson v. Robert Higgins, a minor, etc.

1. MASTER—*when negligence of foreman will not charge.* The mere fact that one of a number of servants who are in the habit of working together in the same line of employment for a common master has the power to control and direct the actions of the others with respect to such employment, will not of itself render the master liable for the negligence of the governing servant resulting in an injury to one of the others without regard to other circumstances; if the negligence complained of consists of some act done or omitted by one having such authority which relates to his duty as a co-laborer with those under his control and which might just as readily have happened with one of them having no such authority, the common master will not be liable.

Anderson v. Higgins.

Action on the case for personal injuries. Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the February term, 1905. Reversed with finding of facts. Opinion filed September 8, 1905.

WILLIAM P. LAUNTZ, for appellant.

WEBB & WEBB, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

In this case appellee, by next friend, brought suit in an action on the case against appellant to recover damages for injuries received while in the employ of appellant. The case was tried by jury and resulted in a verdict and judgment in favor of appellee and against appellant for $500 from which an appeal was taken to this court. On the trial, at the close of plaintiff's evidence, and again at the close of all the evidence, the defendant moved the court to instruct the jury to find the defendant not guilty. This motion was denied, the instruction refused, exceptions preserved and error duly assigned. We are of opinion that the peremptory instruction should have been given, and for the error in refusing it the Circuit Court must be reversed with a finding of facts.

The declaration consists of two counts substantially the same in the cause of action set out. It is alleged that defendant was a contractor and builder in East St. Louis; that one Edward Wendling was his foreman in charge and direction of other employees, including plaintiff, in the construction of a building; that the said foreman negligently ordered the plaintiff and other servants of defendant to place a certain door in position, and that acting in obedience to said negligent order and by reason thereof and while in the exercise of due care for his own safety plaintiff was injured.

It appears from the undisputed evidence in the record that appellant, prior to and at the time of the injury, was a carpenter and building contractor and had in his employ, December 5, 1902, four carpenters, Wendling, Munger, Johns and Robert Higgins, the appellee. On the evening before appellee was injured, appellant directed the men to

report for duty the next morning at 'eight o'clock at the
Baxter Moulding Works where appellant was constructing a
building.   They were told that he would meet them there at
the appointed time and place.   At the building under con-
struction were four large doors, 18 feet long, 14 feet wide
and 4 inches thick, weighing sixteen to eighteen hundred
pounds.   These were to be hung or placed for use in the
building.   When the men arrived the doors were standing
together on edge leaning against the side of the building.
The eight o'clock whistle, the time to begin work, blew be-
fore appellant arrived.   Wendling said to the other men,
"Let's go around and put in those doors," or words to that
effect.   Whereupon, together, they proceeded to take down
or lower from the then upright position one of the doors.
In doing this Wendling and Munger took positions at one
end of the door, Johns at the other and appellee near the
middle.   The top of the door was then moved from the
building and when it passed beyond the base or perpendic-
ular the men lost control and were unable to prevent its
falling.   It fell upon the appellee causing the injury com-
plained of.   The theory and contention of appellee's coun-
sel is, that appellee was injured while acting in obedience
to an order by Wendling, who, it is claimed, was a foreman
for appellant—a vice-principal; that the door to be handled
was of such weight and dimensions that the four men could
not safely do the work in the manner directed; and that
the danger incurred was not known to appellee or suffi-
ciently apparent to warrant a holding by the court, as matter
of law, that he assumed the risk.   It clearly appears from
the evidence that Wendling was in no sense a general fore-
man in charge, direction and control of the work and men
for appellant.   He was a journeyman carpenter working
with tools in the same service and kind of work as appellee
and his associates of like grade.   There is evidence tending
to prove that in the absence of appellant he sometimes as-
sumed or was entrusted with a kind of foremanship or
supervision of his co-employes and had charge of the plans
and specifications, directing and instructing the other men

Anderson v. Higgins.

about their work. He had no power to employ or discharge men nor is there any evidence that his associates were bound to obey his directions even in matters to which we have referred. Witness Johns testifies that he had the right to order the men the same as appellant, but that is a conclusion of the witness not warranted by the evidence in the case. But whatever Wendling's authority over the other employees at other times, it was not in his capacity as foreman that he assisted the other men in taking down the door. This work was in the line of their usual duty and employment, and while engaged in it, Wendling was a fellow-servant of appellee, so that if the injury was the result of his negligence, ignorance or want of judgment in anything done or suggested by him, appellant would not be liable. "The mere fact that one of a number of servants who are in the habit of working together in the same line of employment for a common master has power to control and direct the actions of the others with respect to such employment, will not of itself render the master liable for the negligence of the governing servant resulting in an injury to one of the others, without regard to other circumstances * * * . If the negligence complained of consists of some act done or omitted by one having such authority, which relates to his duty as a co-laborer with those under his control and which might just as readily have happened with one of them having no such authority, the common master will not be liable." C. & A. R. R. Co. v. May, 108 Ill. 288; Gall v. Beckstein, 173 Ill. 187.

Under the evidence in the case at bar it may fairly be said that "the negligence complained of consists of an act done, or omitted * * * which might just as readily have happened" with any one of the men engaged in letting down the door. What was said by Wendling was no more than a suggestion of one employee to another that they should begin the work which apparently was to be done and which they could do pending the arrival of appellant with their tools left with him the evening before. There is no count in the declaration, or evidence in the rec-

ord, that four men were not sufficient for the work undertaken, unless the happening of the accident is to be taken as evidence. The doors were large and heavy but at no point before reaching the ground was even half of the weight to be borne by the men. No witness has testified that more men were necessary. Conceding, as contended by appellee's counsel, that Wendling was foreman and that he ordered appellee to assist in the work at which he was injured, and that the work was dangerous because of the size and weight of the doors to be handled, there could still be no recovery for the reason, that whatever the hazard in this respect it was so entirely open and apparent to one of appellee's occupation, being the same as Wendling's, that he assumed the risk. He was a woodworker, experienced in handling the material of which the doors were made. In the ordinary skill of his trade he could accurately, or approximately at least, estimate the length, breadth; thickness and weight of the door, and the simple proposition, whether it was practicable to handle it in the manner proposed and the hazard in doing so, was quite as much within his knowledge as that of Wendling. The servant assumes the risk of dangers which he knows and understands, or which by the exercise of reasonable care in the performance of duty he ought to know and understand. There is nothing in the circumstances of this case, or the kind or character of the order which it is claimed was given by Wendling, that would justify appellee in relying upon Wendling's knowledge of the danger, rather than his own.

In view of the conclusion reached upon the first error assigned, it will not be necessary to consider other questions discussed in argument by counsel.

The judgment of the Circuit Court is reversed.

*Reversed, with finding of facts.*

We find as facts, to be incorporated with the judgment, that appellee was injured by the act of fellow-servants, and that he assumed the risk to which he was exposed and by which he was injured.