## Western Union Telegraph Company v. Fred Nolan.

### Gen. No. 4,705.

1. FELLOW-SERVANT—*foreman may also be a.* A foreman may, with respect to some of his duties, be the representative of his master, and with respect to other of such duties, be the fellow-servant of the person injured, and an instruction which refuses to present this proposition of law to the jury is erroneous, where the question is pertinent to the issues.

2. INSTRUCTION—*should not ignore issue of release of damages.* Where one of the defenses interposed is that the damages claimed have been released, it is error to instruct the jury that they may render a verdict for the plaintiff without mentioning in such instruction the defense of release.

Action in case for personal injuries. Appeal from the Circuit Court of Will county; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the April term, 1906. Reversed and remanded. Opinion filed March 13, 1907. Rehearing denied April 4, 1907.

WEST, ECKHART & TAYLOR, for appellant.

J. W. DOWNEY, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a suit in case brought by appellee to recover damages for personal injuries inflicted by an electric shock received while engaged as an employe of appellant in stringing a telegraph wire over live electric wires of third parties. Appellee recovered a verdict for $1,500. A motion for a new trial being overruled, judgment was rendered for appellee, and appellant assigns numerous errors in its appeal.

One count of the declaration alleges that the defendant so negligently and carelessly conducted its work of constructing a telegraph line, that the wire came in contact with a live electric light or trolley wire; another count alleges that defendant's foreman negligently ordered the work to be done in such a

manner as to cause a wire to come in contact with a live electric or trolley wire, whereby plaintiff, while in the exercise of due care, was injured.

Appellee was employed as a ground man in a construction crew of appellant, engaged in stringing a wire on telegraph poles along the west side of the right of way of the Big Four Railroad from Lockland to Cincinnati. The railroad runs north and south, and six miles from Cincinnati is crossed at right angles by Mitchell avenue. On the south side of Mitchell avenue is a traction feed wire carrying 600 volts; near the center of the street are two traction wires carrying 500 volts, and on the north side of the street are two electric light wires, carrying 2,300 volts, all about the same height from the ground.

Appellee had been engaged at this work two and one-half months. The wire was being strung from north to south on the third cross arm from the bottom, on poles that had six or seven cross arms. A hand-car with composition wheels that insulated the car was used to carry the reel upon which the wire was coiled. The duty of appellee was to distribute material and assist in looking after the reel. One of appellant's poles, about forty feet high, was on the north side of Mitchell avenue, about two feet south of the electric light wires which were below the lowest cross arm. When the crew reached Mitchell avenue the foreman ordered the wire cut between the pole at the northwest corner of the avenue and the railroad right of way and the next pole north, and directed that the hand-car be taken four or five sections south and the wire strung back. The distance between the poles, or sections, is about one hundred and fifty feet. A rope, which is a non-conductor and long enough to reach from one pole to another, was tied to the end of the wire at the reel and carried by a lineman up the pole next north of the reel and placed over the cross arm, dropped to the ground and then pulled along by the rope to the next pole towards

the avenue and then placed over the cross arm upon it, and in that manner until the avenue was reached. The rope was there thrown over the traction feed wire and the trolley wires and carried up and placed over the arm on the pole at the avenue, a lineman being at the top of the pole on the avenue and the next pole south to keep the slack out of the wire as it was pulled across the avenue, so that it would not touch any of the live wires they were crossing until it should be spliced with the wire where it had been cut north of the avenue and then pulled back tight and fastened south of the avenue. After the rope was dropped to the ground from the arm on the avenue, and the men were pulling the wire toward where the wire was to be spliced, it became charged with electricity and the man at the top of the pole on the avenue was killed and appellee, who stood with his hand on the wire about ten feet from the reel on the hand-car, was shocked, and being unable to let go of the wire until it was cut, he was thrown down and his hands and back, where he came in contact with the ground, were burned.

The negligence alleged and the theory of appellee is that appellant's foreman, Boyd, was negligent and careless in ordering the wire cut between the pole on the avenue and the next one north, and that it should have been cut between the pole north of the avenue and the pole next north of that, and the wire ferried over the electric light wires north of the pole the same as over the live wires on the avenue south of it. That by not carrying the wire over the electric light wires in the same manner as it was carried over the feed and traction wires, when the wire was pulled past the pole on the north side of the avenue it touched the light wires, which it is claimed caused the injury. This theory is corroborated by the fact that after the accident and after the man on the north pole was killed, a man climbed up and cut the wire they were stringing, thus letting it drop on the trolley wire where

it was melted. If the shock had come from the trac-
tion wire it would have melted at the time of the
accident. This seems to show that the injury was
from contact with the electric light wire which, al-
though having a higher voltage, did not have a current
as effective to melt a telegraph wire as the cur-
rent of the trolley wire. Appellant insists that the
proof does not show where the contact was between
the wire being strung and the live wire, and that it
may have been in the avenue south of the pole, and
if so it was caused by the negligence of the men on
the top of the two poles and they were fellow-serv-
ants with the plaintiff. The regular foreman was ab-
sent and the acting foreman, Boyd, was a sub-foreman
who was also a co-laborer with appellee when the
regular foreman was present. At the time of the acci-
dent the proof is that he was assisting the laborers
in pulling the wire from the pole on the avenue to
the next pole north. Appellant insists that appellee
was injured either by his own want of ordinary care,
or by some negligence of his fellow-servants and
not by reason of the negligence alleged. If appel-
lee's injury was not caused by some negligent order
or negligent exercise of authority by Boyd, or by
some negligence on his part in the performance of a
personal duty the master owed to the servant, but
was due to the negligence of Boyd in assisting as a
co-laborer with appellee, then the master is not liable.
Gall v. Becksten, 173 Ill. 187; Baier v. Selke, 211 Ill.
512. Under the evidence it was a question of fact
for the jury to decide whether the injury was caused
by the direction as to where the wire should be cut
and the splice made, or by some negligent act of
Boyd as a fellow-servant, or some other fellow-serv-
ant, not resulting from any exercise of authority by
Boyd. The appellant requested an instruction telling
the jury that an employe may be a foreman and also
a fellow-servant; that he may be a foreman in the
matter of ordering how the work shall be done or

how to do it, and may be a fellow-servant in the doing of the work; and that if the jury believed from the evidence that Boyd and the plaintiff at the time of the accident were co-operating in the doing of the work, then they were fellow-servants as to the performance of said work, and for any negligence of Boyd while acting as such fellow-servant, if from the evidence the jury believed there was any, the defendant is not liable. This instruction stated an accurate proposition of law and it was error to refuse it.

There was in evidence a release of damages signed by appellee to the appellant, acknowledged by appellee before a notary public, releasing all damages by reason of the injury sued for. Appellee's instruction F told the jury that if they believed certain facts were proved by the evidence, then the defendant is liable in damages. This instruction made no reference to the release. Appellee had the burden of overcoming this release. It was error to direct a verdict on certain facts and omit therefrom one of the material facts that it was necessary for the appellee to prove before he was entitled to a verdict. For the errors pointed out the case must be reversed and remanded.

*Reversed and remanded.*