Rose Hlaska, Defendant in Error, v. Sol. Klein, doing business as Klein Brothers, Plaintiff in Error.

### Gen. No. 15,256.

1. MASTER AND SERVANT—*when doctrine of assumed risk precludes recovery.* Even if a servant is ordered to perform work outside of her regular duties there is no liability on the part of the master for an injury resulting from a danger which was open and obvious to a person of ordinary intelligence.

2. MASTER AND SERVANT—*when doctrine of fellow servant precludes recovery.* A master is not liable to a servant for an injury caused by another servant in the same common service unless the master is charged with negligently employing an incompetent servant.

Action in case for personal injuries. Error to Municipal Court of Chicago; the Hon. ADELOR PETIT, Judge, presiding. Heard in this court at the March term, 1909. Reversed. Opinion filed October 6, 1910.

F. J. CANTY and R. J. FOLONIE, for plaintiff in error.

SMEJKAL, KLENHA & RING, for defendant in error; H. B. SPURLOCK, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff recovered in an action for personal injuries a judgment against defendant for $250, rendered upon the verdict of a jury, and we are asked on this review to reverse that judgment.

Counsel for defendant narrow the issues, so far as this review is concerned, by saying in their brief: "We expressly waive errors, although serious, not going to the question of whether plaintiff has any case under the evidence. We ask reversal with a finding of facts." Such waiver of errors presents the case for our review in about the following form, as to the facts which inferentially at least would, in view of such waiver, be regarded as established, viz: That plaintiff was employed by defendant in the dry goods department of his store as a "saleslady;" that on the morning of November 24, 1906, a floor walker of defendant said to plaintiff, "Rose, you are a strong girl; come and help me move this table," referring to a table 3 feet wide and 5 feet long, on which "goods" to the height of about 2 feet were piled; that plaintiff acquiesced in the request and assisted in moving the table about one foot and a half by dragging it, and that at this point the floor walker told her to lift the table, which she did, and in so doing felt a stinging sensation in her groin; that after proceeding about a foot and a half further, the floor walker, without notice, dropped his end of the table on the floor; that thereupon she had a sharp pain in the region of her groin, and on examining it the night of the same day she found a lump on the lower right side of her groin about half the size of a hen's egg. She worked continuously thereafter for defendant until the thirteenth day of the following February, on which date she was examined by a physician, who pronounced the injury a rupture, and it is contended that such rupture is traceable to the moving of the table and was primarily caused through the negligence of defendant, through his floor walker, in suddenly and without warning dropping the end of the table carried by him and in ordering plaintiff to work outside of her employment.

In view of the fact that whatever risk was attendant upon the compliance of plaintiff with the request of the floor walker, to assist him in moving the table, was as open and obvious to plaintiff as to the floor walker, we regard as immaterial the question of whether or not such assistance was within the regular duties of plaintiff. There was no risk attendant upon moving the table except such as was apparent to a person of merely ordinary and simple understanding. This is not an order case, where a servant is suddenly directed to do an act fraught with danger of which he was not cognizant or sufficiently informed. We do not regard plaintiff and the floor walker as being other than fellow servants of the same master in the moving of the table. They were engaged in a common object, each acting voluntarily in their individual effort to accomplish the result desired by both.

We regard this case on both fact and law as being within the rule announced in Gall v. Beckstein, 173 Ill. 187, and consequently controlling our decision. It is there held that the master is not liable to a servant for an injury caused by another servant in the same common service unless the master is chargeable with negligently employing an incompetent servant. The exception to the rule announced has no place in the instant case. Neither is the master liable to a servant for an injury received through the negligence of a foreman while acting as a colaborer with such servant, where the injury is not attributable to the exercise of the foreman's authority as such foreman. The Gall case was one where the foreman and the laborer were engaged in lifting barrels of salt from a wagon, the injury resulting to the laborer from the negligent act of the assisting foreman, and it was held that in lifting the barrels the foreman and laborer were fellow servants, and that for the negligent conduct of the foreman in such operation the master was not liable.

The plaintiff has no right of action against defendant for the injuries complained about, and the judgment of the Municipal Court is reversed.

*Reversed.*