THE ROEBLING CONSTRUCTION COMPANY

*v.*

ROBERT THOMPSON.

*Opinion filed October 23, 1907.*

MASTER AND SERVANT—*rule where injury results from combined negligence as foreman and as fellow-servant.* Where the foreman in charge of fire-proofing a building orders a laborer to "double up" the empty wheelbarrows on an elevator, and then, without any warning and in the absence of the regular signal operator, jerks the signal rope, causing the elevator to drop while the laborer was stepping on the same to obey the command, the master is liable for the resulting injury to the laborer, even though the act of the foreman in jerking the rope be regarded as done in his capacity as a fellow-servant of the injured laborer.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. H. B. WILLIS, Judge, presiding.

This is an action of case brought by Robert Thompson, against the Roebling Construction Company, for damages resulting from a personal injury alleged to have been caused by the negligence of the servants of the Roebling Construction Company. A verdict for $1500 was recovered in the circuit court of Kane county, upon which, after a *remittitur* of $500 was entered, judgment was rendered, which has

been affirmed by the Appellate Court for the Second District. The Roebling Construction Company has sued out a writ of error from this court for the purpose of bringing into review the judgment of affirmance in the Appellate Court.

At the time the injury was received plaintiff in error was engaged in fire-proofing a four-story and basement factory building for the Elgin National Watch Company, in the city of Elgin. An elevator was being used for hoisting concrete to the fifth floor on the day of the injury to defendant in error. The concrete was placed in wheelbarrows and rolled onto the elevator and then hoisted by steam to the fifth floor. The loaded wheelbarrows were then rolled off the elevator and the material wheeled to the places where it was needed, dumped out and the empty wheelbarrows returned to the elevator, thence down the shaft of the elevator to be again loaded and sent up. The elevator was operated on its down trips by a signal, which was given by means of a bell rope which ran from the fifth floor of the building and was connected with a bell in the basement. Morrison was the foreman of plaintiff in error and had entire charge of all the work connected with the fire-proofing of the said building. The defendant in error, together with other employees, was engaged in removing the loaded wheelbarrows from the elevator and returning the empty barrows to and placing them upon the elevator. A boy was employed to operate the bell rope when the elevator was ready to descend. On the occasion when the accident happened the boy was temporarily absent from his post of duty. In the absence of the bell boy Morrison gave an order to defendant in error and another laborer to "double those barrows up." This order was given in a sharp, peremptory manner, and the foreman manifested some irritation because the men on the fifth floor had allowed five or six empty barrows to accumulate, and ordered the defendant in error to "double them up" and to "hurry up." Defendant in error was then

on the north side of the elevator and another laborer was on the south side, and the two undertook to place two wheelbarrows on the elevator, one on top of the other, and while the defendant in error was placing the barrow and standing with one foot on the elevator and the other on the floor and leaning over, Morrison, without any warning to defendant in error, pulled the cord and gave the signal to the engineer in the basement to start the elevator down. Defendant in error did not know that the signal had been given, and without any warning the elevator started down and defendant in error followed it, bumping on the sides down the elevator shaft to the basement below, thereby receiving the injuries complained of.

FRANK M. COX, and J. F. DAMMANN, Jr., for plaintiff in error.

FISHER & MANN, and N. J. ALDRICH, for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Plaintiff in error insists that this court should hold, as a matter of law, that the relation of fellow-servants existed between Morrison, the foreman, and defendant in error, in relation to the act of Morrison in giving the signal to lower the elevator. It is contended that if Morrison was a vice-principal in a general sense, yet when he undertook the performance of a duty which usually belonged to a fellow-servant, he was, as respects that particular act, a fellow-servant and not a vice-principal. This rule invoked as applicable to the case of plaintiff in error is well established in this State and has been frequently applied by this court. (*Chicago and Alton Railroad Co.* v. *May,* 108 Ill. 288; *Gall* v. *Beckstein,* 173 id. 187; *Baier* v. *Selke,* 211 id. 512.) The rule applied in the foregoing cases is, that the master is not liable for an injury received by a servant

through the negligence of a vice-principal while acting as a co-laborer with the injured servant and where the injury is not the result of the exercise of the authority of the vice-principal. It is no longer open to question in this State that the vice-principal may, as regards certain acts, be a fellow-servant with other servants over whom, in his capacity as vice-principal, he has control and power of direction. This rule, however, will not exempt the master from liability where the injury results from the negligence of the vice-principal as such, in combination with the negligence of such vice-principal in the capacity of fellow-servant. This is the application of the well recognized rule that where the injury results from the combined negligence of the master and the fellow-servant, and the negligence of the master is such that the injury would not have happened but for his negligence, the master is liable.

The case of *Norton Bros.* v. *Nadebok,* 190 Ill. 595, is in point on this question. Other authorities cited in the *Nadebok case* are in line with it and fully sustain the conclusion there reached. That case is much like the case at bar in all of the essential facts. There the vice-principal had commanded the servant to place his hand into a machine and take out a "catch," and while the servant's hand was in this machine, the vice-principal, by his own act, started the machinery going, resulting in an injury. In disposing of that case this court, on page 599, said: "It is admitted that Banning was a superior servant and had authority from appellant to direct appellee to put his hand into the machine and take out the catch, but it is contended that as to the manual act of starting the machine at the instant when the injury occurred, as Banning had no delegated authority from the common master to order someone else to set the machine in motion instead of himself doing so, but was himself employed to do that act with his own hand, he was not, as to that act, the superior but was the fellow-servant of the appellee, and that appellant is not liable for the conse-

quences of Banning's negligence in starting the machine while appellee's hand was in the same, as such negligence did not consist in the abuse of his delegated authority. In other words, it is conceded that Banning was a superior servant when he ordered appellee to put his hand into the machine and take out the catch, but, it is said, in the act of immediately starting the machine he was his fellow-servant, and it is contended, as it is conceded that Banning was employed to operate said machine, the question as to whether he was the fellow-servant of appellee at the immediate time when he started the machine is a question of law. We can not agree with such contention. When the appellee was ordered by his superior servant to put his hand into the machine and take out the catch, in the absence of any warning or notice he had the right to assume that his superior, who gave the order, would not by his own negligence make the act which he had commanded him to do, and which he was bound to obey, unsafe." This doctrine has been re-affirmed by this court in numerous later cases. (*Slack* v. *Harris,* 200 Ill. 96; *Chicago and Eastern Illinois Railroad Co.* v. *Driscoll,* 207 id. 9; *Consolidated Coal Co.* v. *Fleischbein,* 207 id. 593; *Illinois Southern Railway Co.* v. *Marshall,* 210 id. 562.) In our opinion the case at bar is controlled on this question by the rule laid down in the foregoing authorities.

Plaintiff in error complains of improper and prejudicial remarks made by counsel for defendant in error during the trial, but upon examination it appears that the court sustained objections to all that was improper in this respect, and there is no ruling of the court upon this branch of the case that is complained of. We have carefully examined all of the objectionable statements of counsel, and we find nothing that would warrant us in reversing this judgment. There are no other errors insisted upon in plaintiff in error's brief.

The judgment of the Appellate Court for the Second District is affirmed.                    *Judgment affirmed.*