**Lottie Hughes, Administratrix, Appellee, v. Danville Brick Company, Appellant.**

1. DEATH—*family of deceased.* In an action for the death of plaintiff's intestate, an employe of defendant, evidence as to the ages of surviving children, that plaintiff is the widow of deceased, and that deceased supported his family is not erroneous though it is not proper to show pecuniary condition of widow.

2. MASTER AND SERVANT—*when evidence sustains verdict.* Where plaintiff's intestate, an employe of defendant, is directed by a vice principal to go to the top of a boom and place a chain, used in operating a steam shovel, over the top of shive wheels

and before intestate is out of the way the vice principal starts the engine, the chain is rapidly pulled over the wheels and the end strikes intestate on the head, resulting in his death, there is no error in refusing to direct a verdict for defendant and a judgment for $6,000 will be affirmed.

Appeal from the Circuit Court of Vermilion county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 18, 1913. *Certiorari* denied by Supreme Court (making opinion final).

R. J. FOLONIE and CHARLES TROUP, for appellant; H. B. BALE, of counsel.

CLARK & HUTTON and KEESLAR & GUNN, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

Lottie Hughes, administratrix of the estate of George L. Hughes, deceased, brought this action in case against the Danville Brick Company, a corporation, to recover damages suffered by reason of the death of her husband, George L. Hughes. The original declaration of two counts was dismissed at the close of the plaintiff's evidence and the case was submitted to the jury on four additional counts. Each of these counts avers in substance and in different forms, that the defendant was operating a steam shovel in its shale pit; that on this shovel was an iron chain 150 feet long, weighing 3,000 pounds, which was operated over shive wheels on the end of a boom which extended about thirty feet into the air; that this chain was connected with an engine which moved the chain over the shive wheels and operated the shovel; that the chain broke and lay on the ground and that George L. Hughes and other servants were employed by the defendant in repairing and replacing the chain over the shive wheels; that J. S. Hofsas, was in charge of the operation of the steam shovel and the repair of said chain and had the direction and control of Hughes and was not his fellow servant, but a vice principal of the defend-

ant and a superior of Hughes; that a cable had been attached to the drum of the engine, passed up the boom, over the shive wheels and down to the ground and attached to the end of the chain; that Hofsas ordered Hughes to the upper end of the boom to thread the cable over the shive wheels so that the engine would wind the cable around the drum and draw up the chain so that it might be repaired; that Hughes in obedience to the command mounted the boom to the shive wheels and while in the exercise of due care Hofsas, the vice-principal, negligently started the engine and caused the cable to be wound around the drum so swiftly that the chain was drawn over the shive wheels so rapidly that the free and broken end of the chain was drawn over the shive wheels with great violence and struck and killed Hughes. One of the counts further avers that Hughes did not know and had not equal opportunity with the defendant of knowing the danger, and that the defendant carelessly failed to give Hughes information of the danger incident to threading the cable over the wheels. Another count further avers negligence in failing to give Hughes notice that the engine was about to be started so that he might dismount from the boom. The other count also avers negligence of the defendant in not causing a tag line, or other means of control to be attached to the free end of the chain to prevent it from running over the shive wheels, and in starting the engine before such tag line was attached; and that Hughes was ordered by the vice-principal, Hofsas, to thread the chain over the shive wheels and that Hughes did not know a tag line was not attached to the chain to control it. A verdict was returned in favor of plaintiff for $6,000, on which judgment was rendered and the defendant appeals.

It is contended that the court erred in permitting proof to be made by the appellee that Lottie Hughes was the widow of the deceased and that Leslie, Grace and Eva Hughes were the three children surviving

him and that their ages were nineteen, sixteen and ten years respectively and that the deceased supported his family. It is not proper to show the pecuniary condition of the widow and family, but it is competent to show that they were dependent on the deceased for support at the time of his death. "It cannot well be said that proof that the wife and next of kin of the deceased were, at and before the time of his decease, dependent on him for support, or that he was her or their whole support, is wholly immaterial and irrelevant to any point at issue in the case." *Pennsylvania Co. v. Keane*, 143 Ill. 173; *Preble v. Wabash R. Co.*, 243 Ill. 340; *Brennen v. Chicago & Carterville Coal Co.*, 241 Ill. 610. It has also been held that in fixing damages the jury may take into consideration the matter of the instruction and moral training of the minor children of the deceased so far as the same appears from the evidence. *Illinois Cent. R. Co. v. Weldon*, 52 Ill. 290; *Goddard v. Enzler*, 222 Ill. 462. It was necessary to aver and prove who were the next of kin. The error, if any, in proving the age of the children was therefore harmless.

The contention of appellant most strenuously argued is that under the evidence the appellee is not entitled to recover a judgment and that the court erred in refusing to instruct a verdict for the appellant. The evidence shows that the deceased for some time prior to his death, was employed with other men by appellant to operate a steam shovel. He was acting as craneman, and when the shovel was working his place was on a platform about ten feet from the lower end of the boom, which was about thirty feet long and extended into the air at an angle of about forty-five degrees so that the upper end was about twenty-five feet from the ground. Hofsas had full power and authority to direct all the men working in the steam shovel gang, where to work and what to do. He was also engineer of the steam shovel, and it was his duty to direct all the actions both of the machinery and the

men connected with the business of operating the shovel. On the date of the accident a long heavy chain made of inch and quarter iron with the links about six inches long, which was used as a belt in operating the shovel, broke and a part of it was piled in a heap near the dipper, immediately under the shive wheels at the upper end of the boom over which the chain was operated. Hofsas took the men of his gang, with others from other departments of the business, and attempted to repair the chain. A wire cable an inch and a half thick was attached to the end of the chain and run up over one of the shive wheels and down the boom to the lower end, where it was attached to the drum of the engine so as to draw the chain up over the shive wheels. Hofsas ordered Hughes to go up on the boom to the upper end and thread the chain into the shive wheels when it should be drawn up by the cable. Along the side of the boom was a ladder up which Hughes climbed to reach the upper end of the boom where the shive wheels were located.

Hofsas then went to the engine and started it, pulling one end of the chain up to the upper end of the boom, where the engine was stopped until Hughes threaded it over the wheels by means of a short bar. Hughes and the end of the boom were in the view of Hofsas as he stood at the engine. Hofsas enquired of Hughes if he had the chain threaded and on his replying "yes," Hofsas again started the engine, without giving Hughes an opportunity to get away from the upper end of the boom, and rapidly pulled the chain over the shive wheels. The broken and loose end of the chain flew up over the shive wheels like a whip cracker and struck Hughes on the head, from the effect of which he died in a short time.

It cannot reasonably be contended that it was not negligence to start the engine and pull the chain up over the end of the boom and then down the boom towards the drum so that the part of the chain on the boom with the action of the engine overbalanced the

part of the chain that was suspended from the upper end of the boom, so that the loose end of the chain was flipped up over the end of the boom, either from the action of the engine or the weight of the longer end of the chain along the boom while Hughes was at the upper end of the boom. The ordering Hughes upon the boom to thread the chain and the starting of the engine after it was threaded are so closely connected that the consequences resulting therefrom cannot be separated and the master is liable therefor, *Norton Bros. v. Nadebok,* 190 Ill. 603; *Roebling Const. Co. v. Thompson,* 229 Ill. 42. The evidence showing that Hughes was subject to the order of Hofsas and that the acts of Hofsas were those of a vice-principal the court properly refused to direct a verdict for appellant.

It is also assigned for error that the court erred in the giving of one and the refusing of other instructions. The jury were fully instructed on the propositions of law involved and there is no error in appellee's given instruction of which complaint is made. Finding no error requiring a reversal of the case the judgment is affirmed.

*Affirmed.*